# EXHIBIT A

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. 13-3084 G |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) UNO RESTAURANTS LLC. |
|---|---|
| **ANA DEGRACA** | **LOUIE PSALLIDAS, manager** |
| | **GEORGE W HERZ II, manager** |

| Plaintiff Atty | Sonja L. Deyoe and Charles S. Kirwan | Type Defendant s Attorney Name |
|---|---|---|

| Address | 250F Centerville Road | Defendant Atty | |
|---|---|---|---|
| City | Warwick | State RI | Zip Code 02886 | Address |
| Tel. | +1 (401) 681-4323 | BBO# | | City | State | Zip Code |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 other - WAGE + Hour | | | ( ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe)
                                   Subtotal

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical expenses
E. Reasonably anticipated lost wages and compensation to date    $
F. Other documented items of damages (describe)
                                     $

G. Brief description of plaintiffs injury, including nature and extent of injury (describe)

                                    Total $

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Wage and Hour

          **TOTAL**    $...............

**PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT**

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (S.JC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                              Date: 8/29/13

A.O.S.C. 3-2007

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUFFOLK SUPERIOR COURT

C.A. No.    13-3084

|  |  |
|---|---|
| ANA DEGRACA<br>Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| UNO RESTAURANTS LLC. and | )  **COLLECTIVE ACTION COMPLAINT** |
| LOUIE PSALLIDAS, as its manager | ) |
| and GEORGE W HERZ II, as its | ) |
| manager. | ) |
| Defendants, | )  **JURY TRIAL DEMANDED** |

Plaintiff Ana DeGraca ("Plaintiff" or "Plaintiff DeGraca"), on behalf of herself and all

others similarly situated, by and through her attorneys, Charles S. Kirwan, Attorney at Law and

Sonja L. Deyoe, Attorney at Law, bring this action against Defendant Uno Restaurants LLC and

its' officers for damages and other relief relating to violations of the Fair Labor Standards Act,

29 U.S.C. § 201, et seq. ("FLSA") and the Massachusetts Wage Act.  Plaintiff's FLSA and

Massachusetts Wage Act, M.G.L. c. 149, sec. 148 et seq. claims are asserted as a collective

action pursuant to 29 U.S.C. § 216(b) and as a class action under Rule 23 of the Massachusetts

Rules of Civil Procedure.  The following allegations are based on personal knowledge as to

Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      This Court has concurrent jurisdiction with the United States District Court to

hear this Complaint and to adjudicate the claims stated herein under the Fair Labor Standards

Act, 29 U.S.C. § 201 et seq.

2.      Venue is proper in the Superior Court for the County of Suffolk in Massachusetts

because Defendant Uno Restaurants LLC. does business in Massachusetts and has its primary place of business listed in its corporate paperwork as 100 Charles Park Road, West Roxbury, Massachusetts.

3.       Jurisdiction over the Defendants' violation of Massachusetts state wage law violations is provided under G.L. c. 149, §150 and other statutes enumerated hereinafter. Plaintiff has been authorized by the Attorney General to bring this suit (Exhibit A).  Plaintiff submits to the jurisdiction of this Honorable Court (Exhibit B).

## PARTIES

4.       Defendant Uno Restaurants LLC is a Delaware Corporation with its primary place of business located at 100 Charles Park Rd., West Roxbury, MA 02132.

5.       Defendant Uno Restaurants LLC, operates at least one restaurant in the Commonwealth of Massachusetts.

6.       Plaintiff Ana DeGraca (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, brings this action to recover unpaid wages and overtime premiums for work she performed for Uno Restaurants LLC.  Defendant Uno Restaurants LLC's violations of the FLSA and state wage and hour laws were intentional.  Plaintiff consents to the commencement of this action.  (Exhibit B).

7.       Plaintiff Ana DeGraca is a resident of the State of Rhode Island who was employed by the Defendants Uno Restaurants LLC at a Uno's Restaurants located in Wrentham, Massachusetts.

8.       Defendant Louie Psallidas is a manager of the Defendant Uno Restaurants LLC., whose residence is listed in corporate paperwork as 4 Memory Lane North Reading, Massachusetts. Defendant Louie Psallidas had actual knowledge of and/or personally directed,

controlled and/or implemented Defendants' FLSA and State wage payment violations, was a "person" within the meaning of 29 U.S.C. § 215(a) and an "employer" within the meaning of 29 U.S.C. § 203(d) and M.G.L. 149 § 1 and an "officer" within M.G.L. 151 § 19 who acted directly and indirectly in the interest of Defendant Uno Restaurants LLC.

9.      Defendant George W. Herz II is a manager of the Defendant Uno Restaurants LLC., whose residence is listed in corporate paperwork as 5 Bertis Adams Way, Westborough, MA. Defendant George W. Herz, II had actual knowledge of and/or personally directed, controlled and/or implemented Defendants' FLSA and State wage payment violations, was a "person" within the meaning of 29 U.S.C. § 215(a) and an "employer" within the meaning of 29 U.S.C. § 203(d) and M.G.L. 149 § 1 and an "officer" within M.G.L. 151 § 19 who acted directly and indirectly in the interest of Defendant Uno Restaurants LLC.

10.     Plaintiff and others similarly situated are individuals who were, or are, employed by Defendants Uno Restaurants LLC, Louise Psallidas and George W. Herz II (hereinafter collectively referred to as "Defendant Uno") as members of the Defendants kitchen staff at Defendants' restaurant locations in Massachusetts, during the applicable statutory period.

11.     Defendant Uno is engaged in interstate commerce by, among other things, selling food items and alcoholic beverages to residents of multiple states who visit the Wrentham area for outlet shopping or other purposes, including Rhode Island and Massachusetts. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 or greater at all relevant times.

12.     Defendant Uno is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

3

13.     Defendants Louie Psallidas George W. Herz II are each officers of Defendant Uno and had the ability to direct and change the wage and hour policies of the Defendant Uno.

14.     Plaintiff DeGraca is an adult resident of the State of Rhode Island.  Plaintiff DeGraca worked for Defendant, primarily as a member of the kitchen staff from June 2010 until June of 2013.

15.     Plaintiff and others similarly situated are current or former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

16.     Plaintiff and others similarly situated have been employed by Defendants within two to three years prior to the filing of this lawsuit.  See 29 U.S.C. § 255(a).

17.     Plaintiff brings this action on behalf of herself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

18.     Plaintiff and others similarly situated are individuals who were, or are, employed by Defendant Uno as kitchen staff at Defendant Uno's operations in Massachusetts, during the applicable statutory period.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

19.     Plaintiff and others similarly situated worked for Defendant Uno as manual laborers in its kitchen.

20.     As manual laborers, Plaintiff and other similarly situated were vital members directly involved in the making of food, use, cleaning, sterilization and maintenance of Uno's Kitchen and other facilities to enable it to serve food and beverages to its customers.

21.     The work performed by Plaintiff and others similarly situated, is and was, work directly related to Uno's food and beverage service operations.

4

22.    The FLSA requires covered employers, such as Defendant Uno, to compensate all non-exempt employees at an hourly rate not less than their hourly wage.

23.    The FLSA requires covered employers, such as Defendant Uno, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

24.    The work performed by Plaintiff, others similarly situated, and members of the proposed Superior Court Rule 23 Class, is and was, work directly related the food and beverage sales operations of the Defendants.

25.    Defendant Uno was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required the payment of an hourly wage.

26.    Defendant Uno was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of overtime compensation if they worked more than (40) forty hours in a week as Plaintiff and other similarly situated were not exempt employees.

27.    Defendant Uno's conduct was willful and in bad faith.

28.    At all times relevant hereto, Defendant Uno routinely suffered and permitted Plaintiff and other similarly situated to work and did not pay them the hourly rate they were due.

29.    At all times relevant hereto, Defendant Uno routinely suffered and permitted Plaintiff and others similarly situated to work more than forty (40) hours per week, and did not pay them the overtime compensation they were due.

30.    Defendant Uno required Plaintiff and others similarly situated to work long hours to complete all of their job responsibilities.

31.    Upon information and belief, Defendant Uno did not keep accurate records of

5

these overtime hours worked as required by law.

32.     Defendant Uno was aware of the hours that Plaintiff and others similarly situated worked and that Plaintiff and other similarly situated were not paid for all hours worked.

33.     Defendant Uno was aware that Plaintiff and others similarly situated, would work for at least a half hour before her shift began without "punching in."

34.     Defendant Uno was aware that Plaintiff and others similarly situated were not paid for time at the end of Plaintiff's shift because the Defendant's would "punch out" the Plaintiff prior to the time Plaintiff finished work.

35.     Moreover, Defendant Uno told Plaintiff, and others similarly situated that if Plaintiff did not work the hours necessary to meet the Defendant Uno's goals without pay that she faced repercussions from management, including, but not limited to termination.

36.     During the relevant time period, the Defendants acted as an employer of Plaintiff Defendants were subject to the Massachusetts wage and hour laws and administrative regulations interpreting those laws.

37.     Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by the laws of the Commonwealth of Massachusetts.

38.     During the relevant time period, Defendants had the authority to exercise and in fact exercised the powers ordinarily associated with an employer over Plaintiff's employment activities.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff, on behalf of herself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

40.    Plaintiff files this action on behalf of herself and all individuals similarly situated. The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked as manual laborers for the Defendant Uno Restaurants LLC in its Massachusetts operations at any time since three years prior to the filing of this Complaint (the "FLSA Collective").

41.    Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form, is attached as Exhibit B.

42.    As this case proceeds, it is likely that other individuals will sign consent forms and join as opt-in Plaintiffs.

43.    During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked and were not paid their applicable hourly rate of compensation for all hours worked.

44.    During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

45.    Defendant Uno failed to preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

46.    Plaintiff and the FLSA Collective are victims of Defendant Uno's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 et seq., and that have caused significant damage to Plaintiff and the FLSA Collective.

47.    Defendant Uno willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

7

48.    Defendant Uno's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

49.    Defendant Uno is liable under the FLSA for failing to properly compensate Plaintiff and others similarly situated, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant Uno who have suffered from Defendant Uno's common policies and plans of failing to pay wages for all hours worked and payment of wages for overtime hours worked, and who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant Uno and are readily identifiable through Defendant Uno's records.

## SUPERIOR COURT CLASS ACTION ALLEGATIONS

50.    Plaintiff DeGraca, on behalf of herself and all members of the proposed Superior Court Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

51.    Plaintiff DeGraca brings Counts III on behalf of herself and as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure. Plaintiff DeGraca seeks to represent a class defined as follows:

> All persons who worked as members of the kitchen staff for the Defendant Uno at any time during the three years prior to the filing of this Complaint (the "Superior Court Rule 23 Class").

52.    The proposed Superior Court Rule 23 Class is so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Plaintiff DeGraca does not know the exact number of class members, but is informed and believes that over fifty class members exist. The identities of the class members may be

8

ascertained from the files and records of Defendant Uno.

53.     There are common questions of law and fact affecting the class members, including but not limited to whether Defendant Uno unlawfully failed to pay overtime compensation, whether Defendant Uno unlawfully failed to pay for all hours worked, whether Defendant Uno failed to keep accurate time records for all hours worked, the proper measure of damages sustained by the class members, and whether Defendant Uno should be enjoined from such violations in the future. The requirements of Rule 23(a)(2) are met.

54.     Plaintiff DeGraca's claims are typical of the claims of the class as a whole. Plaintiff DeGraca and the proposed Superior Court Rule 23 Class have suffered harm due to the failure of Defendant Uno to pay them for all hours worked and overtime compensation for the weeks in which they worked over forty (40) hours. The requirements of Rule 23(a)(3) are met.

55.     Plaintiff DeGraca will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4). Plaintiff DeGraca's interests are not inconsistent with and not antagonistic to the interests of the class. Plaintiff DeGraca has retained counsel experienced in complex wage and hour class and collective action litigation.

56.     The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede the interest of other members of the class to protect their interests. Certification under Rule 23(b) is appropriate.

57.     This class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in

9

Massachusetts court against a large corporate Defendant Uno. The members of the proposed Superior Court Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant Uno's common practices and uniform policies. The damages suffered by class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant Uno's practices. Certification under Rule 23(b) is appropriate.

58.     Plaintiff DeGraca intends to send notice to all members of the proposed Superior Court Rule 23 Class to the extent required by Rule 23.

59.     Plaintiff received a right to sue letter from the Attorney General's Office allowing her to proceed on Count III infra (Exhibits A hereto).

60.     Moreover, it is common knowledge that courts and the United States Department of Labor has determined that kitchen staff workers are non-exempted from overtime pay requirements.

61.     Plaintiff and others similarly situated were deprived of regular pay they were guaranteed by law.

## CAUSES OF ACTION
## COUNT I- WILLFUL REFUSAL TO PAY FOR ALL HOURS WORKED
### *On behalf of Plaintiff and Those Similarly Situated.*

Fair Labor Standards Act 29 U.S.C. §§ 206 and 215(a)(2)

62.     Plaintiff DeGraca, on behalf of herself and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

63.     The FLSA 29 U.S.C. §§ 206 and 215(a)(2) requires that Defendant Uno pay Plaintiff and other similarly situated for each hour worked.

64.     Defendant Uno suffered and permitted Plaintiff and the FLSA Collective to routinely work hours without payment of their hourly rate.

65.     Defendant Uno's actions, policies, and/or practices as described above violate the FLSA's hourly rate requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

66.     Defendant Uno knew, or showed reckless disregard for the fact, that it failed to pay these individuals for all hours worked in violation of the FLSA.

67.     As the direct and proximate result of Defendant Uno's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

68.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the similarly situated employees, Defendant Uno has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

69.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant Uno knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

70.     Defendants stand jointly and severally liable to Plaintiff DeGraca and each FLSA Collective Plaintiff for willful violations of the wage payment requirements of the FLSA for refusing to pay each Plaintiff for all hours worked.

71.     Defendants stand jointly and severally liable to Plaintiff DeGraca and each FLSA

11

Collective Plaintiff for all unpaid wages and an additional equal amount as liquidated damages given the knowing and willful character of the Defendants' FLSA violations.

# COUNT II – OVERTIME VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT.

## The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
### On Behalf of Plaintiff and Those Similarly Situated

72.     Plaintiff, on behalf of herself and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

73.     The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

74.     Defendant Uno suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

75.     Defendant Uno's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

76.     Defendant Uno knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

77.     As the direct and proximate result of Defendant Uno's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

78.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the similarly situated employees, Defendant Uno has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours,

and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et

seq.

79.    The foregoing conduct, as alleged, constitutes a wiliful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a) as Defendant Uno knew, or showed reckless disregard

for the fact that its compensation practices were in violation of these laws.

## COUNT III- WILLFUL REFUSAL TO PAY FOR ALL HOURS WORKED
### The Massachusetts Minimum Wage Act, M.G.L. 151 § 1
### and M.G.L. 149 § 148. Payment of Wages Act.
#### *On behalf of Plaintiff DeGraca and the Proposed Distruct Rule 23 Class*

80.    Plaintiff DeGraca, on behalf of herself and others similarly situated, re-allege and

incorporate the preceding paragraphs by reference as if fully set forth herein.

81.    The Massachusetts Minimum Wage Act, M.G.L. 151 § 1 and M.G.L. 149 § 148,

the Payment of Wages Act require that Defendant Uno pay Plaintiff and other similarly situated

for each hour worked in each pay period.

82.    Defendant Uno suffered and permitted Plaintiff and the proposed Superior Court

Class to routinely work hours without payment of their regular hourly rate.

83.    Defendant Uno's actions, policies, and/or practices as described above violate

M.G.L. 151 § 1's hourly rate requirement by regularly and repeatedly failing to compensate

proposed Superior Court Class at the required minimum hourly rate.

84.    Defendant Uno knew, or showed reckless disregard for the fact, that it failed to

pay these individuals for all hours worked in violation of M.G.L. 151 § 1 and M.G.L. 149 § 148.

85.    As the direct and proximate result of Defendant Uno's unlawful conduct, Plaintiff

and the proposed Superior Court Class have suffered and will continue to suffer a loss of income

and other damages.  Plaintiff and the proposed Superior Court Class are entitled to liquidated

damages and attorney's fees and costs incurred in connection with this claim.

13

86.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the similarly situated employees, Defendant Uno has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the M.G.L. 151 § 15.

87.     The foregoing conduct, as alleged, constitutes a willful violation of the M.G.L. 151 § 1 and M.G.L. 149 § 148 as Defendant Uno knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

88.     Defendants stand jointly and severally liable to Plaintiff DeGraca and each proposed Superior Class Member for willful violations of the wage payment requirements of the Massachusetts Minimum Wage Act for refusing to pay each Plaintiff their regular hourly rate for all hours worked.

89.     Defendants stand jointly and severally liable to Plaintiff DeGraca and each proposed Superior Class Member for all unpaid wages and treble damages given the knowing and willful character of the Defendants' Wage Act violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DeGraca, on behalf of herself and others similarly situated, prays for relief as follows:

a)      Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b)      Judgment against Defendants for Plaintiff and the similarly situated employees' unpaid back wages at the applicable overtime rates;

c)      An amount equal to their damages as liquidated damages;

14

d)   A finding that Defendants' violations of the FLSA are willful;

e)   All costs and attorneys' fees incurred prosecuting this claim;

f)   An award of prejudgment interest (to the extent liquidated damages are not awarded);

g)   Leave to add additional Plaintiff by motion, the filing of consent forms, or any other method approved by the Court;

h)   Leave to amend to add additional state law claims; and

i)   All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiff DeGraca as Class Representative, on behalf of herself and the proposed Superior Court Rule 23 Class, prays for relief as follows.

a)   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Superior Court Rule 23 Class and the appointment of Plaintiff DeGraca as Class Representative and his counsel as Class Counsel;

b)   Judgment against Defendants for Plaintiff DeGraca, and the proposed Superior Court Rule 23 Class's unpaid back wages at the applicable rates;

c)   All damages, civil penalties, and prejudgment interest available;

d)   All costs and attorneys' fees incurred prosecuting this claim;

e)   Leave to amend to add additional state law claims; and

f)   All further relief as the Court deems just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.

15

Dated:                                Plaintiff, by her attorneys,


_____
Charles S. Kirwan (4050)
Kirwan Law
250F Centerville Road
Warwick, RI 02886
(401) 359-1166
csk@kirwanlaw.net


_____
Sonja L. Deyoe (6301)
Kirwan Law
250F Centerville Road
Warwick, RI 02886
(401) 681-4323
sldeyoe@kirwanlawyers.com


16

Dated:                              Plaintiff, by her attorneys,


_____
Charles S. Kirwan (4050)
Kirwan Law
250F Centerville Road
Warwick, RI 02886
(401) 359-1166
csk@kirwanlaw.net


_____
Sonja L. Deyoe (6301)
Kirwan Law
250F Centerville Road
Warwick, RI 02886
(401) 681-4323
sldeyoe@kirwanlawyers.com


16